UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Marcos Arevalo ("Plaintiff") (Docket No. 15 ("Motion").)  Plaintiff contends that the Notice of Removal filed by defendant Outfront Media LLC ("Defendant") fails to satisfactorily establish that the amount in controversy exceeds the $5 million jurisdictional minimum for the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).[1]  The Motion to Remand is fully briefed.  (Docket Nos. 19, 20.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 20, 2026, has been vacated, and the matter taken off calendar.

**I.       PROCEDURAL BACKGROUND**

Plaintiff initiated this putative class action in Los Angeles County Superior Court on December 31, 2025.  The putative class consists of former non-exempt employees in California, divided into six subclasses, with a class period of four years prior to the date of the filing of the Complaint (the "Class Period").  (See Compl. ¶ 17.)  The Complaint alleges claims for: (1) failure to pay overtime wages in violation of California Labor Code ("Labor Code") §§ 510, 1194, and 1198; (2) failure to pay minimum wages in violation of Labor Code §§ 1194, 1197, and 1197.1; (3) failure to provide meal periods in violation of Labor Code §§ 226.7 and 512; (4) failure to reimburse necessary business expenditures in violation of Labor Code § 2802; (5) failure to provide accurate wage statements in violation of Labor Code § 226; (6) failure to pay wages due upon separation of employment in violation of Labor Code §§ 201–203; and

_____

[1]      Plaintiff also argues that the Notice of Removal fails to adequately allege that the amount in controversy exceeds the $75,000 jurisdictional minimum for the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Because, as discussed below, the Court concludes that Defendant has established this Court's subject matter jurisdiction under CAFA, it does not address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

(7) unfair competition in violation of California Business & Professions Code § 17200 et seq. Plaintiff seeks damages in the form of compensatory damages, statutory penalties, restitution, prejudgment interest, attorneys' fees, and costs. Defendant removed the case to this Court on February 17, 2026, alleging that the Court possesses original jurisdiction under CAFA or, in the alternative, under 28 U.S.C. § 1332(a).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee, 574 U.S. at 82)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788–89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "'[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (quoting Dart Cherokee, 574 U.S. at 88, 135 S. Ct. at 554). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Fritsch, 899 F.3d at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

### III.   ANALYSIS

The Notice of Removal alleges that the parties are minimally diverse under CAFA, that the putative class exceeds 100 members, and that the amount in controversy at issue by virtue of Plaintiff's claims for relief exceeds the $5,000,000 CAFA jurisdictional minimum. (Docket No. 1 ¶¶ 20–54.) In the Notice of Removal, Defendant estimates the total amount in controversy for Plaintiff's class claims to be $5,396,780. (Id. ¶ 53.)

In his Motion to Remand, Plaintiff argues that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the $5 million jurisdictional threshold required by CAFA. In opposition, Defendant submits supplemental data regarding the amount in controversy and revises its estimate to $5,347,008. Defendant's revised estimate consists of: (i) $72,284 for Plaintiff's overtime violations claim; (ii) $803,141 for Plaintiff's minimum wage/rounding violations claim; (iii) $402,464 in additional liquidated damages, pursuant to Labor Code § 1194.2, for Plaintiff's minimum wage/rounding violations claim; (iv) $1,151,318 for Plaintiff's meal period violations claim; (v) $352,150 for alleged failure to reimburse business expenses; (vi) $764,000 in wage statement penalties; (vii) $732,249 in waiting time penalties; and (viii) $1,069,402 in statutory attorneys' fees.[2]

In support of the amount-in-controversy allegations in the Notice of Removal, Defendant submitted a declaration of Djuna Duronslet ("Duronslet"), Defendant's Vice President of Human Resources and Co-Chief Diversity Officer. Duronslet states that she reviewed Defendant's payroll and personnel records for California non-exempt employees during the Class Period and,

---

[2]   Compared to the estimate in the Notice of Removal, Defendant's revised estimate excludes prejudgment interest, removes certain compounding variables that Plaintiff challenged in his Motion, and makes adjustments to certain calculations. As a result, Defendant's estimates are reduced for: damages for Plaintiff's minimum wage/rounding violations claim, damages for Plaintiff's meal period violations claim, and attorneys' fees. Defendant also adds a liquidated damages estimate for Plaintiff's minimum wage claim. The estimated amount in controversy for Plaintiff's overtime violations claim, Plaintiff's reimbursement claim, wage statement penalties, and waiting time penalties are unchanged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

based on that review, estimates the putative class size to be 729 individuals, who collectively worked approximately 30,625 workweeks (7,043 employee-months) during the Class Period, with an average hourly rate of approximately $31.47. (See Docket No. 1-11 ("Duronslet Decl.") ¶¶ 4–8.) Duronslet also estimates the number of putative subclass members and their average daily rate in support of Defendant's waiting time penalties calculation, estimates the number of putative subclass members in support of Defendant's wage statement penalties estimate, and provides information regarding Plaintiff's employment, hourly rate, compensation, and overtime hours worked. (See id. ¶¶ 9–15.)

In opposition to Plaintiff's Motion, Defendant offers supplemental evidence, including a supplemental declaration by Duronslet. Duronslet describes her review of Defendant's timekeeping data, identifies the total number of raw shift entries for putative class members during the Class Period, and identifies the percentage of the total employee workweeks that include at least one shift exceeding five hours and the percentage that include at least one shift exceeding ten hours (99.84% and 19.62%, respectively, of 30,625 total employee workweeks). (Docket No. 19-1 Supplemental Declaration of Djuna Duronslet ("Duronslet Supp. Decl."). Further, in support of its attorneys' fee estimate, Defendant submits class action settlement approval records from other cases litigated by Plaintiff's counsel. (Docket No. 19-2, Declaration of Lara De Leon, Exs. A, B.) Finally, in support of its estimate for the reimbursement claim, Defendant submits a Request for Judicial Notice, asking the Court to take notice of a 2025 report from the California Public Utilities Commission, Public Advocates Office, in which the Office estimates the average monthly rate for broadband services. (Docket No. 19-5.)[3/]

Plaintiff argues that Defendant's amount-in-controversy calculations rely on unsupported assumptions and result in inflated estimates. It is well-settled in the Ninth Circuit that CAFA's provisions should be interpreted broadly with a "strong preference" for class actions to be heard in federal court when properly removed. Jauregui v. Roadrunner Transportation Servs., Inc., 28 F.4th 989, 993 (9th Cir. 2022). Thus, "[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 401 (9th Cir. 2010) (quoting Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008)). "As is inescapable at this early stage of the litigation, the removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the

---

[3/]    The Court grants Defendant's unopposed Request for Judicial Notice. See Fed. R. Evid. 201; United States v. Ritchie, 342 F.3d 903, 909 (observing that courts may take judicial notice of some public records, including records and reports of administrative bodies).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

reasoning and underlying assumptions are reasonable." Jauregui, 28 F.4th at 993 (quoting LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1201 (9th Cir. 2015)).

"An assumption may be reasonable if it is founded on the allegations of the complaint." Arias, 936 F.3d at 925.  Where assumptions are grounded in the allegations in the complaint, they "do not necessarily need to be supported by evidence." Perez v. Rose Hills Co., 131 F.4th 804, 808 (9th Cir. 2025) (citing Arias, 936 F.3d at 925).  As the Ninth Circuit explained in Perez:

> What makes an assumption reasonable may depend on which element of the amount-in-controversy calculation is at issue.  For example, in a wage-and-hour case, the number of employees in the class may be most easily determined by examining the defendant's employment records.  It therefore may make sense to expect a defendant to introduce evidence of that number.  By contrast, it makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really, the alleged violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist.  For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint.

131 F.4th at 808(internal citation omitted).  "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." Jauregui, 28 F.4th at 996.  However, where a "different, better assumption is identified . . . the district court should consider the claim under the better assumption—not just zero-out the claim." Id. "[A]n assumption is not unreasonable simply because another equally valid assumption may exist." Perez, 131 F.4th at 809.

Here, the Court finds that Defendant's estimates are based on reasonable assumptions founded in the Complaint's allegations.  As an initial matter, while Plaintiff argues that Defendant's assumed violation rates are inflated, the Court notes that Complaint consistently describes Defendant's alleged misconduct as a uniform policy or practice.  In particular, the Complaint alleges that Defendant's "payroll policy/practice failed to include all forms" of non-discretionary pay when calculating employees' regular rate of pay, thereby causing employees to be underpaid all their required overtime wages.  (Compl. ¶ 11.)  The Complaint alleges that Defendant used a "Time Rounding Policy" whereby Defendant would round and/or shave employees' hours worked to the nearest quarter-hour or tenth of an hour.  (Id. ¶ 12; see also id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

¶¶ 28, 33 (describing overtime and wage violations as a "practice and uniform administration of corporate policy regarding illegal employee compensation").)  The Complaint further alleges that "as a policy and/or practice," Defendant required employees to "perform a large volume of assignments under time deadlines in a single day . . . such that it was impossible for [employees] to stop working and take a 30-minute uninterrupted duty-free meal break before the end of their fifth hour of work . . . ." (Id. ¶ 13.)  Moreover, the Complaint is largely devoid of any allegations that limit Defendant's liability.  Thus, to the extent that Defendant's assumptions are grounded in the Complaint's allegations of a uniform policy or practice, the Court is not persuaded that those assumptions are facially unreasonable.  See, e.g., Krishell K. Martinez v. Emerson Ecologics, LLC et al, No. 5:25-CV-03425-MWC-MAA, 2026 WL 945737, at *5–6 (C.D. Cal. Apr. 8, 2026) (finding assumed violation rate of 60% for meal period and rest breaks reasonable despite complaint's allegation that defendant "sometimes, but not always" withheld meal and rest periods where complaint alleged that defendant "maintained a systematic, company-wide policy and practice of" failing to provide meal and rest breaks).

The Court finds that Defendant has offered sufficient evidence to support its estimates.  Defendant's evidence regarding the putative class size and subclass sizes, total employee workweeks, and average hourly rates, provided by a human resources representative based on her personal knowledge and review of Defendant's payroll and personnel records, is the type of evidence that courts routinely accept as credible evidence to support CAFA removal.  See Garcia v. William Scotsman, Inc., No. CV 24-02977, 2024 WL 4289895, at *3 (C.D. Cal. Sept. 25, 2024) (collecting cases); see also Amezcua v. CRST Expedited Inc., 653 F. Supp. 3d 712, 721 (N.D. Cal. 2023) (rounded number of workweeks based on number of employees during relevant period was reasonable figure to estimating amount in controversy).  Defendant relies on that evidence to calculate its amount-in-controversy estimates, at least some of which appear conservative.  For example, with regard to the meal period violation claim, Defendant provides data indicating the proportion of total employee workweeks that include at least one shift of qualifying length for a first or second meal break and then limits its calculations to those two sets of qualifying workweeks.  In light of the Complaint's allegations of a policy or practice of preventing employees from taking required meal breaks, Defendant's assumption of one-violation-per-week for each meal break subclass reflects a reasonable low-end estimate of the amount in controversy for this claim.[4]  See Cagle v. C&S Wholesale Grocers, Inc., No. 2:13-cv-02134-MCE-KJN, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (quoting Behrazfar v.

---

[4]  In a standard five-day workweek of qualifying shifts, an assumption of one violation per week would reflect only a 20% violation rate.  As Plaintiff acknowledges, Defendant's data suggests that class members averaged close to the standard five-day workweek, at approximately 4.69 shifts per week.  (Reply at p. 5 n.5 (citing Duronslet Decl. ¶ 6; Duronslet Supp. Decl. ¶ 4).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)) ("When a defendant's calculations are relatively conservative, made in good faith, and based on evidence wherever possible, the court may find that the defendant has established by a preponderance of the evidence that the amount in controversy is met." (internal quotation marks omitted)); see Amezcua, 653 F. Supp. 3d at 721 (finding twice-per-week meal period violation rate reasonable based on complaint's allegations of policy and practice of denying meal periods); Martinez, 2026 WL 945737, at *6 (finding 60% violation rate for meal periods and rest breaks reasonable); cf. Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020) (finding removing defendant did not carry its burden because it failed to provide any evidence to support assumption that hourly employee class members were same members of meal period and rest period subclasses or that hourly employee class members all worked shifts long enough to qualify for meal or rest periods).[5/]

Finally, as discussed above, the Court will not"zero-out" an estimate unless it is unreasonable on its face without comparison to a better alternative.  See Jauregui, 28 F.4th at 996.  Plaintiff has not shown that Defendant's assumptions are facially unreasonable, and while Plaintiff offers some alternative assumptions for the first time on Reply, the Court is not persuaded that these assumptions provide better alternatives.[6/]  For instance, Plaintiff argues with regard to his minimum wage/rounding violations claim that Defendant's assumption of a net underpayment of 10 minutes per day is inflated and that 5 minutes is a better assumption.  (See Reply at p. 4.)  However, the Complaint alleges that Defendant required employees to punch-in and punch-out "upon their arrival to work, at the start and end of their meal periods, and upon their departure from work," and that Defendant's Time Rounding Policy involved "rounding

---

[5/]   Plaintiff also argues that the allegation in the Complaint that employees worked from home two days per week limits the amount in controversy for this claim.  (See Reply at p. 8.)  As an initial matter, Plaintiff improperly raises this argument for the first time on reply.  See Sweet v. Pfizer, 232 F.R.D. 360, 369 (C.D. Cal. 2005) (declining to consider new argument as "it is improper for a party to raise a new argument in a reply brief").  Moreover, while the Complaint describes employees receiving a "large volume of assignments . . . when they worked in Defendants' office" (Compl. ¶ 13), the Complaint does not include any language limiting Defendant's liability for unpaid meal breaks on days that employees worked at home.  On the contrary, the Complaint defines the Meal Period Subclass to include *all* employees who did not receive required meal breaks during shifts, and the Complaint alleges that employees were required to use the same timekeeping application while working from home.  (See id. ¶¶ 12, 17(c).)

[6/]   Unlike Defendant, moreover, Plaintiff offers no evidence to support these alternative assumptions.  See Arias, 936 F.3d at 925 (explaining that when amount in controversy is challenged, both sides may submit proof).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1682 PA (SKx) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Marcos Arevalo v. Outfront Media LLC, et al. | | |

and/or time shaving employees' hours worked to the nearest quarter-hour or tenth of an hour[.]" (Compl. ¶ 12.)  The Complaint does not make clear whether the rounding occurred for each period of time worked (e.g., from arrival to work until the start of a meal period, between meal periods, and between a meal period and the departure from work) or after adding the exact time worked throughout the day.  Assuming the former, it appears that for a shift involving one or more meal breaks, the alleged Time Rounding Policy could result in a net loss of well over 10 minutes per day.  Thus, Plaintiff's alternative assumptions do not warrant reducing Defendant's estimated amount in controversy.

Having considered the Complaint and the record evidence, the Court concludes that Defendant has shown by a preponderance of the evidence that the total amount in controversy across all of Plaintiff's class claims exceeds $5 million.  Accordingly, Defendant has satisfied its burden of establishing the Court's subject matter jurisdiction under CAFA.

Conclusion

For all of the foregoing reasons, Plaintiff's Motion to Remand is denied.

IT IS SO ORDERED.